IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONNA KAISER, et al.,

        Plaintiffs,

v.                                                                  Civil Action No. 2:12-cv-03655

C. R. BARD, INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER
(*Defendant's Motion for Summary Judgment*)

Pending before the court is defendant C. R. Bard's ("Bard") Motion for Summary Judgment [ECF No. 57]. As set forth below, Bard's Motion for Summary Judgment is **GRANTED** with respect to the plaintiffs' claims for manufacturing defect, breach of implied warranty, breach of express warranty, and negligent inspection, packaging, marketing, and selling.

I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 8,000 of which are in the Bard MDL, MDL 2187. In an effort to efficiently and effectively manage this massive MDL, I decided to conduct pretrial discovery and motions

practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all *Daubert* motions and summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:12-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Ms. Kaiser's case was selected as a Wave 1 case by the plaintiffs. PTO # 118, No. 2:12-md-2187 [ECF No. 841].

Ms. Kaiser was surgically implanted with the Avaulta Solo Anterior Synthetic Support system (the "Avaulta") by Dr. Harvey Samowitz at Memorial Hospital West in Pembroke Pines, Florida. Am. Short Form Compl. 4 [ECF No. 12]. As a result of complications allegedly caused by the Avaulta, the plaintiffs bring the following claims against Bard: strict liability for design defect, manufacturing defect, and failure to warn; negligence; breaches of express and implied warranties; loss of consortium; and punitive damages[1]. Id. at 5. In the instant motion, Bard moves for partial summary judgment on the grounds that the plaintiffs' claims are without evidentiary support. Bard's Mem. in Supp. of Mot. for Summ. J. 1 ("Mem. in Supp.") [ECF No. 49].

---

[1] Bard also filed a Motion for Partial Summary Judgment on Punitive Damages Claims [ECF No. 55]. That motion is addressed in a separate order.

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105

F.3d 188, 191 (4th Cir. 1997).

B. Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases such as this. The choice of law for these pretrial motions depends on whether they involve federal or state law. "When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). In cases based on diversity jurisdiction, the choice-of-law rules to be used are those of the states where the actions were originally filed. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

Because the plaintiff filed in the United States District Court for the Western District of Missouri before the case was transferred into this MDL, the choice-of-law principles of Missouri guide this court's choice-of-law analysis. For tort claims, "Missouri courts apply the most-significant-relationship test as defined in the

4

Restatement…Under this test, the identity of the state having the most significant relationship will depend upon the nature of the cause of action and upon the particular legal issue in dispute." *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994) (internal citations omitted). "[T]he rights and liabilities of the parties will be determined by the law of the state with the most significant relationship to the accident and the parties." *Id.* (citing Restatement (Second) of Conflict of Laws § 145 (1971). Here, Ms. Kaiser was implanted with the device at issue in Florida, and the plaintiffs are both residents of Florida. The parties have furthermore agreed that this case should be transferred to the Southern District of Florida once it is ready for trial. Furthermore, Bard argued that Florida substantive law should apply here, and the plaintiffs did not object.[2] , I find that the plaintiffs' claims are governed by Florida law.

### III. Analysis

Bard argues that it is entitled to partial summary judgment because the plaintiffs lack evidentiary support on the following claims: manufacturing defect, both on theories of negligence and strict liability, breach of express warranty, breach of implied warranty, and negligent inspection, marketing, packaging and selling. The plaintiffs have agreed not to pursue claims for manufacturing defect, breach of express warranty, and breach of implied warranty. Accordingly, Bard's Motion on the plaintiffs' claims for manufacturing defect, under theories of strict liability and

---

[2] The plaintiffs make no mention of the choice-of-law in their opposition to Bard's motion for summary judgment; however, the plaintiffs cite Florida substantive law in forming their arguments. *See, e.g.,* Pls.' Opp. to Bard's Mot. for Summ. J. 5–7 [ECF No. 115].

negligence, breach of express warranty, and breach of implied warranty are **GRANTED.** Below, I address Bard's remaining arguments pertaining to the plaintiffs' negligence claim.

"To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001); *See also Payne v. C. R. Bard, Inc.*, No. 6:11-cv-1582, 2014 WL 1887297, *2 (M. D. Fla. 2014).

Bard contends that the plaintiffs' claims for negligent inspection, packaging, marketing, and selling of the Avaulta fail for lack of evidence. The plaintiffs argue that Bard misconstrues the nature of their negligence argument, and that their allegations regarding the inspection, marketing, labeling, packaging, and selling of the Avaulta comprise part of their general negligence claim, rather than distinct theories of recovery. In short, the plaintiffs assert that Bard failed to adequately study or test its mesh products, including the Avaulta, to determine if the products were adequately safe.

A review of the plaintiffs' Count I in the Master Complaint, Master Compl. ¶¶ 62–67, No. 2:10-md-2187 [ECF No. 199], reveals that the plaintiffs asserted three distinct negligence theories under "Count I." The bulk of the Count I allegations make claims for negligent failure to warn and negligent design defect. The other negligence allegations posit that Bard was "negligent…in designing, manufacturing, marketing, labeling, packaging, and selling" the Avaulta. *Id.* at ¶ 64. Thus, the plaintiffs' concerns

that Bard is misconstruing the plaintiffs' negligence claim are meritless; Bard simply chose to address the plaintiffs' different theories of negligence separately. However, apart from reciting allegations that form the plaintiffs' failure to warn and design defect claims, the plaintiffs do not offer sufficient support to create a genuine dispute that Bard breached a legal duty that caused the plaintiffs' injuries in their "inspection, marketing, labeling, packaging, or selling" of the Avaulta. Accordingly, Bard's Motion on these points is **GRANTED.**

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Bard's Motion [ECF No. 57] is **GRANTED** with respect to the plaintiffs' claims for manufacturing defect, breach of implied warranty, breach of express warranty, and negligent inspection, packaging, marketing, and selling.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 15, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

7